UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN A. HAWKINSON<br>*Plaintiff*,<br>v.<br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW<br>*Defendant*. | Civil Action No.<br><br>20-cv-_____ |

# COMPLAINT FOR INJUNCTIVE RELIEF

## INTRODUCTION

1. This is an action for the production of public records pursuant to the Freedom of Information Act ("FOIA"), 5 USC § 552.

2. On October 20, 2020, freelance reporter John A. Hawkinson (the "Plaintiff") submitted a FOIA request ("the Request") to the Executive Office for Immigration Review ("EOIR") (a division of the Department of Justice, "DOJ") (the "Defendant").

3. The Request sought all Board of Immigration Appeals ("BIA") decisions that: date from December 1, 2019 through "present"[1]; and originate from the Boston, MA or Hartford, CT immigration courts; and contain the text "alternatives to detention" or "alternatives-to-detention".

4. Plaintiff is aware of three such decisions.

5. On Nov. 16, 2020, EOIR responded to the FOIA request with only two BIA decisions.

6. On Nov. 18, 2020, Plaintiff administratively appealed the production.

7. On Dec. 15, 2020, DOJ's Office of Information Policy ("OIP") responded to the admin-

---

[1] EOIR searched through Nov. 16, 2020.

istrative appeal, and found "that EOIR's response was correct and that it conducted an adequate, reasonable search for responsive records subject to the FOIA."

## PARTIES

8. John A. Hawkinson, a freelance news reporter writing for *Cambridge Day*, is an individual reporter covering federal immigration litigation. He resides within the District of Massachusetts.

9. EOIR is a component organization within DOJ, which is a department of the government of the United States of America.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction pursuant to 5 USC § 552(a)(4)(B) and 28 USC § 1331.

11. Venue lies in the District of Massachusetts pursuant to 5 USC § 552(a)(4)(B), including because it is the district in which Plaintiff resides.

12. Plaintiff has exhausted all required administrative remedies.

## FACTS

13. The Board of Immigration Appeals ("BIA") is an administrative appellate body within EOIR.

14. The BIA hears appeals from decisions of Immigration Judges.

15. On November 27, 2019 then-Chief Judge Saris of this Court issued an injunction in *Gilberto Pereira Brito et al. v. William Barr et al.* 415 F. Supp. 3d 258 (D. Mass No. 19-

cv-11314-PBS, ECF No. 88) (*appeal pending*) requiring immigration judges to "consider alternative conditions of release" at immigration bond hearings held pursuant to 8 USC § 1226(a).

16. On July 13, 2020, the Board of Immigration Appeals issued a decision in *In re Amaury Vladimir Reyes-Batista* that stated, "the respondent asserts that it was error for the Immigration Judge not to consider alternatives to detention."

17. Review of this decision triggered Plaintiff's FOIA, as it suggested the BIA may not be complying with their *Pereira Brito* injunction obligations with respect to "alternatives to detention."

18. Plaintiff's Oct. 20, 2020 request was designated No. 2021-02706 by Defendant EOIR.

19. EOIR's Nov. 16 production did not include the *Reyes-Batista* decision, but produced two other decisions containing the words "alternatives to detention."

20. Plaintiff's Nov. 18, 2020 administrative appeal was designated No. A-2021-00326 by DOJ OIP, a component of Defendant's parent agency.

21. After OIP responded to Plaintiff's administrative appeal, Plaintiff engaged OIP telephonically and discussed the adequacy of the search and the missing decision. OIP agreed to inquire of EOIR regarding the situation, with an eye to determining why the *Reyes-Batista* decision was omitted from the production and whether it represented many other decisions that may have been omitted, or was somehow an outlier.

22. DOJ OIP responded telephonically on Dec. 22, 2020, indicating that they were unable to obtain further information from EOIR.

23. Production of these records is important to understand how the Defendant is applying the *Pereira Brito* decision in practice.

3

# CLAIM FOR RELIEF

## COUNT I

### EOIR's Violation of FOIA 5 USC § 552

24. The foregoing allegations are re-alleged and incorporated herein.

25. Defendant EOIR has failed to make reasonable efforts to search for records sought by the Request.

26. Defendant EOIR has failed to produce records responsive to the Request.

27. Plaintiff is entitled to a waiver of all search, review, processing, and duplication fees in connection with the Request.

28. Accordingly, Plaintiff is entitled to an order compelling EOIR to produce records responsive to his FOIA request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks this Court to GRANT the following relief:

A. Declare that the documents sought by Plaintiff's FOIA request, as described in the foregoing paragraphs, are public under 5 USC § 552 and must be disclosed;

B. Order that Defendants shall produce the requested records forthwith, or alternatively on an expedited schedule established by the Court;

C. Enjoin Defendants from charging Plaintiff search, review, processing, and duplication fees in connection with responding to the Request;

D. Award Plaintiff costs in the action, as expressly permitted by FOIA; and

E. Should Plaintiff retain counsel and cease to proceed *pro se*, award Plaintiff reasonable attorney fees in this action, as expressly permitted by FOIA; and

F. Grant Plaintiff any such other relief as this Court may deem just and proper.

Respectfully Submitted,

PLAINTIFF,
JOHN A. HAWKINSON, *pro se*

John A. Hawkinson
Box 397103
Cambridge, MA 02139-7103
617-797-0250
jhawk@alum.MIT.EDU

Dated: December 23, 2020